UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

OPTIGEN, LLC

        Plaintiff,

v.                                                                     Civil No. 5:13-CV-0996 (FJS/ATB)

GENETIC VETERINARY SCIENCES, INC. and
LISA G. SHAFFER, PhD

        Defendants.
───────────────────────────────────────────

## COMPLAINT

        Plaintiff OptiGen, LLC, through its attorneys, Hodgson Russ LLP, alleges as follows:

## Parties

        1.      Plaintiff OptiGen, LLC ("OptiGen") is a limited liability company organized and existing under the laws of New York, and maintains its principal place of business at 767 Warren Road, Suite 300, Ithaca, New York.

        2.      OptiGen is engaged in the business of providing DNA-based diagnostic services to test for inherited diseases in dogs.

        3.      Defendant Genetic Veterinary Sciences, Inc. ("Genetic Veterinary Sciences") is a corporation organized and existing under the laws of the State of Washington and maintains a place of business at 850 E. Spokane Falls Blvd, Spokane, Washington 99202.

4.	Upon information and belief, Paw Print Genetics is an unincorporated division of Genetic Veterinary Sciences and maintains a place of business at 850 E. Spokane Falls Blvd, Spokane, Washington 99202. Paw Print Genetics and Genetic Veterinary Sciences will be referred to collectively as "PPG."

5.	Defendant Lisa G. Shaffer, PhD is an individual residing at 20224 N. Hatch Road, Colbert Washington 99005. Dr. Shaffer is the founder and CEO of PPG.

## Jurisdiction and Venue

6.	Plaintiff brings this action for patent infringement under the Patent Act, 35 U.S.C. § 1, *et seq,* including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction under 28 U.S.C. § 1367.

7.	Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, PPG's activities in New York State, under the direction and supervision of Dr. Shaffer, subject them to personal jurisdiction in this state and PPG's activities, under the direction and supervision of Dr. Shaffer, are sufficient to subject them to personal jurisdiction in this District.

## The Patents at Issue

**Progressive Rod-Cone Degeneration**

8.	Progressive Rod-Cone Degeneration Disease ("PRCD") is a hereditary retinal disease that leads to blindness in dogs. PRCD is found in at least thirty breeds of dogs.

The PRCD patents at issue relate to identifying whether a dog is a carrier of PRCD, is predisposed to PRCD, or is genetically normal.

9. United States Patent No. 5,804,388, entitled "CHROMOSOME 9 AND PROGRESSIVE ROD-CONE DEGENERATION DISEASE GENETIC MARKERS AND ASSAYS" (the "'388 patent"), issued on September 8, 1998. Cornell Research Foundation, Inc. ("CRF") is the assignee of the '388 patent. OptiGen is the exclusive licensee of the '388 patent. A true and correct copy of the '388 patent is attached as Exhibit A.

10. United States Patent No. 7,312,037, entitled "IDENTIFICATION OF THE GENE AND MUTATION RESPONSIBLE FOR PROGRESSIVE ROD-CONE DEGENERATION IN DOG AND A METHOD FOR TESTING SAME" (the "'037 patent"), issued on December 25, 2007. CRF is the assignee of the '037 patent. OptiGen is the exclusive licensee of the '037 patent. A true and correct copy of the '037 patent is attached as Exhibit B.

11. United States Patent No. 7,671,187, entitled "IDENTIFICATION OF THE GENE AND MUTATION RESPONSIBLE FOR PROGRESSIVE ROD-CONE DEGENERATION IN DOG AND A METHOD FOR TESTING SAME" (the "'187 patent"), issued on March 2, 2010. CRF is the assignee of the '187 patent. OptiGen is the exclusive licensee of the '187 patent. A true and correct copy of the '187 patent is attached as Exhibit C.

12. United States Patent No. 7,811,761, entitled "METHOD FOR IDENTIFYING PROGRESSIVE ROD-CONE DEGENERATION IN DOGS" (the "'761 patent"), issued on October 12, 2010. CRF is the assignee of the '761 patent. OptiGen is the exclusive licensee of the '761 patent. A true and correct copy of the '761 patent is attached as Exhibit D.

13. United States Patent No. 8,206,911, entitled "IDENTIFICATION OF THE GENE AND MUTATION RESPONSIBLE FOR PROGRESSIVE ROD-CONE DEGENERATION IN DOG AND A METHOD FOR TESTING SAME" (the "'911 patent"), issued on June 26, 2012. CRF is the assignee of the '911 patent. OptiGen is the exclusive licensee of the '911 patent. A true and correct copy of the '911 patent is attached as Exhibit E.

14. The only known practice of identifying whether a dog is a carrier of or is affected by PRCD is through the methods covered by the '037, '388, '187, '761, and '911 patents.

**Congenital Stationary Night Blindness**

15. Congenital stationary night blindness ("CSNB") is a recessively inherited retinal disorder characterized by congenital night blindness with various degrees of visual impairment under illuminated daytime conditions. In the 1990s, CSNB was described as having a progressive component and also became known as hereditary or progressive retinal dystrophy ("prad"). CSNB is found in the Briard breed of dogs.

16. United States Patent No. 6,201,114, entitled "IDENTIFICATION OF CONGENITAL STATIONARY NIGHT BLINDNESS IN DOGS" (the "'114 patent"), issued on March 13, 2001. CRF is the assignee of the '114 patent. OptiGen is the exclusive licensee of the '114 patent. A true and correct copy of the '114 patent is attached as Exhibit F.

17. United States Patent No. 6,428,958, entitled "IDENTIFICATION OF CONGENITAL STATIONARY NIGHT BLINDNESS IN DOGS" (the "'958 patent), issued on

August 6, 2002.  CRF is the assignee of the '958 patent.  OptiGen is the exclusive licensee of the '958 patent.  A true and correct copy of the '958 patent is attached as Exhibit G.

18. The '114 patent and the '958 patent relate to identifying whether a dog is a carrier of or is affected with CSNB/prad, or is genetically normal.

19. The only known practice of identifying whether a dog is a carrier of or is affected by CSNB/prad is through the methods covered by the '114 patent and the '958 patent.

**Collie Eye Anomaly**

20. Collie Eye Anomaly ("CEA"), more technically known as Choroidal Hypoplasia, is a recessively inherited eye disorder that causes abnormal development of the choroid, an important layer of tissue under the retina of the eye.  This disease is seen in both Rough and Smooth Collies, Border Collies, Australian Shepherds, Lancashire Heelers, Shetland Sheepdogs, Nova Scotia Duck Tolling Retrievers, and other breeds.

21. United States Patent No. 7,462,455, entitled "DIAGNOSTIC TEST FOR COLLIE EYE ANOMALY" (the "'455 patent), issued on December 9, 2008.  CRF is the assignee of the '455 patent. OptiGen is the exclusive licensee of the '455 patent.  A true and correct copy of the '455 patent is attached as Exhibit H.

22. The only known practice of identifying whether a dog is a carrier of or is affected by CEA is through the methods covered by the '455 patent.

**Factual Background**

23. Upon information and belief, PPG was founded in March 2013 by Dr. Shaffer. PPG offers services related to testing certain genetic disorders in dogs.

24. According to PPG's website, PPG's lab "is equipped with the latest technology for the testing and analysis of canine genetic diseases." PPG's website states that it "offers the largest selection of tests for inherited diseases" and that its "tests are economical and efficient, while using the highest medical standards in the industry." Copies of relevant pages of PPG's website as of August 16, 2013 are attached as Exhibit I.

25. Dr. Shaffer directed and controlled the decision to offer its testing services to customers nationwide, including to customers located in this District. Dr. Shaffer publicly stated to the Northwest Business Press Inc. Journal of Business that "[o]ur goal is to test for more different diseases for the money than other labs."

26. Among the services offered by PPG is the DNA testing for PRCD, CSNB, and CEA in dogs.

27. PPG offers its PRCD test for 30 different dog breeds at a price of $80.00 per sample. *See* Exhibit I.

28. PPG also offers its CSNB and CEA tests at a price of $80.00 per sample. PPG offers a discount on the price of its tests with each additional test ordered. *Id*.

29. PPG offers all of its testing services (including the PRCD, CSNB, and CEA tests) for purchase through its interactive website (www.pawprintgenetics.com), including to customers in the United States and this District. That website has the capability of permitting

users, including those in this District, to fully consummate a purchase of PPG testing services, including the PRCD, CSNB, and CEA tests, and to make payment of those services by credit card.

30. PPG advertises its testing services (including the PRCD, CSNB, and CEA tests) for sale within the United States and this District.

31. PPG has sold its testing services (including the PRCD and CEA tests) for sale within the United States and this District.

32. When a genetic test is purchased by a customer through PPG's website, the customer is sent a kit to obtain a DNA sample from the customer's dog.

33. After collecting the DNA sample, the customer then mails the sample back to PPG.

34. PPG then performs the tests that infringe the patents at issue.

35. The results of the genetic test are emailed to the customer within 2 weeks of sample receipt. The customer receives an email notification with the results attached.

36. The customer can access the results on PPG's interactive website through an account created by the customer when the order is placed. A sample Canine Genetic Health Certificate from PPG is attached as Exhibit J.

37. PPG and Dr. Shaffer were on notice that the sale of PRCD, CSNB, and CEA genetic tests for canines in the United States constitutes infringement of OptiGen's patents.

38. In February 2013, OptiGen notified Dr. Shaffer of OptiGen's patents. OptiGen directed Dr. Shaffer to its website, which contains a detailed list of OptiGen's patents, as well as information about a lawsuit filed by OptiGen against International Genetics, Inc., and other entities, alleging infringement of the very patents at issue here.

39. In February 2013, Dr. Shaffer indicated that PPG had no intention of infringing OptiGen's patents.

40. When PPG launched in Spring 2013, it did not offer to sell the PRCD, CSNB, and/or CEA tests.

41. The reason that PPG did not do so was that PPG and Dr. Shaffer knew that these tests infringed OptiGen's patents.

42. OptiGen, and its customers, have recently learned that PPG is now offering for sale the PRCD, CSNB, and CEA tests.

**FIRST CAUSE OF ACTION**
**(Patent Infringement Against PPG)**

43. Plaintiff repeats the allegations set forth in paragraphs 1 through 42.

44. PPG has infringed the '037, '388, '187, '761, and/or '911 patents by one or more of the following: making, selling, offering for sale, and/or using testing methods for PRCD, each of which incorporated one or more of the inventions claimed in the '037, '388, '187, '761, and/or '911 patents, in violation of 35 U.S.C. § 271(a).

45. PPG has infringed the '114 patent and/or '958 patent by one or more of the following: making, selling, offering for sale, and/or using testing methods for CSNB, each of

which incorporated one or more of the inventions claimed in the '114 patent and '958 patent, in violation of 35 U.S.C.§ 271(a).

46. PPG has infringed the '455 patent by one or more of the following: making, selling, offering for sale, and/or using testing methods for CEA, each of which incorporated one or more of the inventions claimed in the '455 patent, in violation of 35 U.S.C.§ 271(a).

47. The infringement by PPG is intentional and willful.

48. As a result of PPG's infringing activities, OptiGen has sustained damages in an amount to be proven at trial.

49. The infringements by PPG have caused and will continue to cause OptiGen irreparable harm for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Inducing Infringement Against Lisa G. Shaffer, PhD)

50. Plaintiff repeats the allegations set forth in paragraphs 1 through 49.

51. Dr. Shaffer has actively induced infringement of the '037, '388, '187, '761, '911, '114, '958, and/or '455 patents by others, including her co-defendant PPG and PPG's customers, in violation of 35 U.S.C.§ 271(b).  Dr. Shaffer's inducement to infringe is intentional and willful.

52. As a result of Dr. Shaffer's inducement to infringe, OptiGen has sustained damages in an amount to be proven at trial.

53. Dr. Shaffer's inducement to infringe has caused and will continue to cause OptiGen irreparable harm for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION
**(Unfair Competition Against All Defendants)**

54. Plaintiff repeats the allegations set forth in paragraphs 1 through 53.

55. PPG and Dr. Shaffer compete with OptiGen in providing DNA-based diagnostic and testing services for inherited diseases of dogs. By offering these services, they are willfully misappropriating for their own benefit OptiGen's intellectual property and are profiting and unjustly enriching themselves by the unlawful and unauthorized use of OptiGen's intellectual property.

56. The conduct of PPG and Dr. Shaffer in offering for sale and selling tests to the public that they know misappropriate OptiGen's intellectual property injures the business and goodwill of OptiGen, in violation of the common law of unfair competition.

57. As a result of the unfair competition by PPG and Dr. Shaffer, OptiGen has sustained damages in an amount to be proved at trial.

58. The unfair competition by PPG and Dr. Shaffer is intentional and willful and will continue unless and until they are restrained by this Court.

59. The unfair competition by PPG and Dr. Shaffer has caused and will continue to cause OptiGen irreparable harm for which there is no adequate remedy at law.

WHEREFORE, OptiGen is entitled to judgment:

(1) Declaring that Defendant PPG has directly infringed one or more claims of the '037, '388, '187, '761, '911, '114, '958, and '455 patents.

(2) Declaring that Defendant Dr. Shaffer has induced infringement of one or more claims of the '037, '388, '187, '761, '911, '114, '958, and '455 patents.

(3) Granting an injunction, pursuant to 35 U.S.C. § 283, preliminarily and permanently enjoining each Defendant, PPG's officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, selling, offering for sale, using, and/or exporting or importing any diagnostic testing kits or services that infringe the '037, '388, '187, '761, '911, '114, '958, and '455 patents, or otherwise directly or indirectly committing, inducing or contributing to further acts of infringement of the '037, '388, '187, '761, '911, '114, '958, and '455 patents.

(4) Ordering an accounting for damages arising from Defendants' acts of direct infringement and/or indirect infringement, misrepresentations and unfair competition, including an accounting of the profits made by Defendants and/or lost by OptiGen as a result of PPG's infringing activities, including profits on all related and convoyed products and processes.

(5) Awarding damages pursuant to 35 U.S.C. § 284, with interest.

(6) Finding that Defendants' infringement and misrepresentations are intentional and willful and that this is an exceptional case, and granting an order awarding treble damages and reasonable attorneys' fees to OptiGen as permitted by 35 U.S.C. §§ 284-85.

     (7)    Such further relief as this Court deems proper.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues properly triable to a jury.

Dated:  August 16, 2013

          **HODGSON RUSS LLP**
          *Attorneys for OptiGen, LLC*

          By  <u>s/Melissa N. Subjeck</u>
             Robert J. Lane, Jr. (Bar Roll No. 102007)
             rlane@hodgsonruss.com
             Jodyann Galvin (Bar Roll No. 510015)
             jgalvin@hodgsonruss.com
             Melissa N. Subjeck (Bar Roll No. 515632)
             msubjeck@hodgsonruss.com
          The Guaranty Building
          140 Pearl Street, Suite 100
          Buffalo, New York  14202
          Telephone:  (716) 856-4000